UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GABLE | : | |
| 4149 TRABERT COURT | : | |
| DOVER, PENNSYLANIA 17315 | : | CASE NO. |
| | : | |
| PLAINTIFF, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| HORTON EMERGENCY VEHICLES | : | **COMPLAINT** |
| 3800 MCDOWELL ROAD | : | |
| GROVE CITY, OHIO 43123 | : | |
| | : | **JURY DEMAND ENDORSED** |
| DEFENDANT. | : | **HEREON** |
| | : | |

## PARTIES

Plaintiff, David Gable, complaining of Defendant Horton Emergency Vehicles ("hereinafter "Defendant") alleges as follows:

1. Plaintiff is an individual citizen of the State of Pennsylvania, City of Dover.

2. Defendant is an Ohio corporation with its principal place of business located in Grove City, Ohio, Franklin County.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 USC Section 1332 because the action arises between citizens of different states and the amount in controversy exceeds the statutory minimum.

4. Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. Section 1391 based upon the illegal acts of Defendant which occurred in Grove City, Ohio in the County of Franklin.

## **INTRODUCTORY ALLEGATIONS**

5. The allegations of the prior paragraphs are incorporated as if fully set forth below.

6. The Plaintiff was employed with Defendant as a Paint Area Manager beginning on May 11, 2015.

7. The Plaintiff was terminated on May 22, 2015.

## **CLAIM FOR RELIEF**
## **DISABILITY DISCRIMINATION – OHIO REVISED CODE SECTION 4112.99**

8. The allegations of the prior paragraphs are incorporated as if fully set forth below.

9. Plaintiff was and is, at all pertinent times hereto, qualified to perform his job duties.

10. On or about May 20, 2015, the Plaintiff, in a conversation with Defendant's Human Resources Director, disclosed that he had a form of blood cancer.

11. Within two days of the disclosure by the Plaintiff, Defendant terminated the Plaintiff's employment on May 22, 2015.

12. Based upon the disclosure of his medical condition, the Plaintiff has been regarded by Defendant as being disabled.

13. Based upon the termination, Defendant denied Plaintiff terms, conditions and privileges of employment in violation of the Ohio Revised Code §4112.99.

14. Defendant's intentional, willful, and wanton denial of terms, conditions and privileges of employment was discriminatory and violates the Ohio Revised Code §4112.99.

15. Defendant acted with malice and ill will toward Plaintiff without regard for his legal rights in denying him terms, conditions and privileges of employment and/or denying him a reasonable accommodation because of his disability in violation of the Ohio Revised Code §4112.99.

16.     As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which he has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect himself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

**WHEREFORE**, Plaintiff prays as to Defendant as follows:

(a)     That this Court award such equitable relief as is proper as compensation for the loss of opportunity to engage in gainful employment, including relief in the form of front pay and benefits;

(b)     That this Court award Plaintiff compensation for his adverse health effects, for the loss of his opportunity to engage in gainful employment, and future earnings, lost earning capacity and for humiliation, embarrassment, loss of reputation, loss of self-esteem, adverse health and for emotional distress;

(c)     That this Court award Plaintiff all lost wages and benefits;

(d)     That this Court award Plaintiff punitive damages;

(e)     That this Court award Plaintiff reasonable attorney's fees, expert fees, expenses and the costs of this action;

(f)     That this Court award Plaintiff liquidated damages;

(g)     That this Court award Plaintiff interest and prejudgment interest; and

(h)     That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully submitted,

/s/Rayl L. Stepter_____
Rayl L. Stepter (0047505)
200 East Campus View Blvd., Ste. 200

>Columbus, Ohio 43235
>(614) 468-4100
>Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

>/s/Rayl L. Stepter
>Rayl L. Stepter
>Trial Attorney for Plaintiff

4