```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

David Gable,                    :

    Plaintiff,              :

  v.                            :        Case No. 2:15-cv-2688

                                  :        JUDGE ALGENON L. MARBLEY
Horton Emergency Vehicles,              Magistrate Judge Kemp

    Defendant.              :


OPINION AND ORDER

    David Gable worked for a very short period of time as a paint shop supervisor for Horton Emergency Vehicles, a company which makes custom-built ambulances. He was fired eleven days after he was hired. He believes that he was fired because he told Horton's HR director, Rebecca Baciak, that he had cancer. Horton claims that it fired him because employees under his supervision were threatening to quit, citing Gable's heavy-handed management style as the reason.

    There is currently a summary judgment motion pending. One of the supporting affidavits was signed by Ms. Baciak. She swears in her affidavit that although she and Mr. Gable had that conversation, or a version of it (she says he did not actually say he had cancer, only cancer-like symptoms, and she thought that he was not currently ill), she never told anyone else at the company about it. She contends (as do other Horton employees) that she had no input into the decision to fire Mr. Gable and that the decision had been made by Don Meister, Mr. Gable's immediate supervisor, and approved by Horton's president, John Slawson. Horton says that neither of these gentlemen knew about Mr. Gable's medical condition, and it argues that summary

judgment on his disability discrimination claims is appropriate.

The discovery cutoff date in this case was June 1, 2016. Mr. Gable's response to the summary judgment motion was due on July 10, 2016. He has filed separate motions to extend each date and has also asked the Court to compel Horton to provide him with more written discovery and to allow him to depose Ms. Baciak and two other witnesses. Horton opposes all of these requests. For the following reasons, both motions will be granted in part.

## I. The Facts

Motions like the ones Mr. Gable has filed are very fact-specific. The Court will attempt to distill the relevant facts from the exhibits which each side has submitted in connection with the motions.

The controversy appears to have begun back in April, and initially involved some of Horton's written responses to document requests - particularly requests for emails written by Ms. Baciak. Mr. Gable raised an issue about email production as early as April 8, 2016, in a letter asking Horton to describe how it looked for responsive documents. The response, found in a letter from Stephen Watring, Horton's counsel, dated April 13, 2016, was that no responsive documents were being withheld and that Ms. Baciak had looked for relevant emails in any location she thought they might be found. At about the same time, Mr. Gable asked for Ms. Baciak's deposition, but was told that she no longer worked for Horton and counsel had not been able to contact her.

The parties continued to discuss these issues throughout April. In early May, Horton offered Ms. Baciak for deposition on a weekend date, but Mr. Gable's counsel, Rayl Stepter, elected not to proceed with it, apparently because of his trial schedule. He asked for later dates, was told that it would be his responsibility to serve her with a subpoena, and then was

informed that Mr. Watring was not going to be available for depositions the week of May 23.  Mr. Stepter suggested the week of June 6 for her deposition, to which Mr. Watring agreed, assuming that Ms. Baciak was available.  Mr. Gable then filed his motion to extend the discovery cutoff date to July 1, explaining only that he needed the extra time to take depositions.  Horton promptly opposed any extension.  The deposition of Ms. Baciak was never scheduled and has not been taken.

There is also a continuing disagreement about document discovery.  As Mr. Stepter's affidavit supporting his Rule 56(d) motion states, he is convinced that there were emails sent by and between Ms. Baciak, Mr. Meister, and Mr. Slawson concerning Mr. Gable's termination which have never been produced.  The affidavit also says that counsel needs Ms. Baciak's personnel file and her position description to depose her effectively, and they have not been produced, either.  Finally, the affidavit also expresses a wish to depose Roger McKeown and Jeffrey Gillespie, both of whom provided written statements to Ms. Baciak supporting Mr. Gable's termination.  Those are attached to her affidavit (Doc. 24); Mr. Stepter's affidavit does not say if he had copies of them beforehand.  Horton disputes the assertion that it is withholding any relevant emails, and makes arguments (also addressed below) about the other discovery being asked for, contending that it was either never requested before or is irrelevant to the basis of the summary judgment motion.

## II. Discussion

Whether to extend the discovery cutoff, and whether to extend the time for filing a response to a summary judgment motion, are two distinct issues, with somewhat different standards governing them.  The first raises a question of whether good cause has been shown under Rule 16(b), and the second depends upon whether the party asking for more time has shown an

inability to respond fully to the summary judgment motion without more time and more discovery.  However, the essence of both inquiries is the same: has the moving party (i.e. Mr. Gable) shown that he acted diligently to get discovery needed to oppose the summary judgment motion but was unable to do so through no fault of his own?  In the Court's view, the answer to this question is a partial "yes."  The Court will therefore extend both dates to allow Mr. Gable to take Ms. Baciak's deposition, but will permit no other additional discovery.

    It appears that both counsel made good faith efforts to arrange Ms. Baciak's deposition prior to the discovery cutoff date.  She has filed one of the key affidavits supporting the summary judgment motion.  The conversation which both she and Mr. Gable agree took place happened shortly before Horton decided to fire him.  Although it is not clear exactly why her deposition was not scheduled for the week of June 6 - something which Horton seemed willing to agree to - the formal discovery cutoff date is still June 1, and absent an order from the Court, even had the deposition been noticed for a date that week, counsel would have run the risk that the deponent might not show up or that he would need help from the Court which would be unavailable since discovery would be taking place after the cutoff date.  It is not unreasonable to permit this deposition to go forward, and in light of the fact that Ms. Baciak is such a key witness, and her credibility is a crucial issue, she ought to be deposed (despite Horton's argument that no "Perry Mason moment" is likely to occur).  Cf. Williams v. Goodyear Tire & Rubber Co., 2012 WL 1228860 (S.D. Ohio Apr. 11, 2012)(granting Rule 56(d) motion so witness whose affidavit was used to support a summary judgment motion could be deposed).

    As to the other discovery, however, the Court sees no evidence that Horton has withheld any relevant emails.

Additionally, Mr. Gable does not argue that he ever asked for Ms. Baciak's job description or personnel file; as to the former, he can ask her at her deposition what her duties were (as he could have done with other witnesses as well), and the Court fails to see how her personnel file might contain any information relevant to this case.  The other two depositions were also not asked for or arranged for in a timely fashion, and those witnesses did not submit affidavits.  There appears to be no reason why they could not have been deposed earlier.  Although it is not necessarily the case, as Horton argues, that the truth of their statements is irrelevant to the basis of the summary judgment motion - if they did not actually report having problems with Mr. Gable, that might be evidence of pretext - there is simply no good cause for extending the discovery deadline to allow for their depositions, and it is Ms. Baciak, not Mr. McKeown or Mr. Gillespie, who is the most important witness here.  The Court is persuaded that Mr. Gable needs that deposition for his response, but nothing else.

### III.  Order

For the foregoing reasons, the Court grants both of Plaintiff's motions for extension (Docs. 19 and 28) to this extent.  The discovery deadline is extended for thirty days, or until August 29, 2016, for the sole purpose of permitting Plaintiff to depose Ms. Baciak.  It will be Plaintiff's responsibility to arrange for that deposition since she does not work for Horton at this time, although cooperation between counsel is certainly encouraged.  Plaintiff's response to the summary judgment motion is due 21 days after completion of the deposition.  The motions are denied in all other respects.

### IV.  Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),

-5-

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge